Judge Owsley
delivered the Opinion of the Court.
Mitchell brought an action against Vance and Covington, upon a bond executed by the two latter, conditioned to save harmless and indemnify the former against any damage which might accrue to him in consequence of the sale of property which, as constable, he had taken under an execution which issued in favor of George Clarke, against the estate of William M’Alester &c. but the right to which property was claimed by a certain John Maxey.
The defendants filed several pleas, but as the cause went off in the court below, upon demurrers to the first and sixth pleas, we shall barely inquire whether or not, in adjudging those pleas good, the court decided correctly. It is proper, however, to premise that if the declaration was insufficient, the decision should have been as it was, against the plaintiff, even were the opinion of the court, as to the goodness of the pleas, admitted to be erroneous. The demurrers to the pleas brought the whole of the pleadings before the court, and in deciding on the demurrers, it of course was incumbent noon the- *529 court to decide against the party who had commiied the first fault. We have, therefore, in revising the decisions of the court upon the demurrers, looked into the declaration, and find that it is liable to no substantial objection. It sets out the bond upon which the action is founded, and contains all necessary averments to shew a good cause of action in the plaintiff. We shall, therefore, without further remarks upon the declaration, proceed to c xamine the goodness of the pleas. ;
Special pica.
Where the jury called on the motion of the claimant of property seized under execution, fails to find a verdict, the sheriff shall sell, and will not he liable.
Bond of indemnity giyen to induce the sheriff to sell in such case, is without consideration, and may bo resisted at law.
*529 The pleas, though couched in different la ::guage, contain substantially the same statements, present the same matter of defence, and may with propriety be considered together. Each plea in su bstance states that after the property had been seized by the plaintiff, under the execution which issued against the estate of M’Alcster, in favor of Clarke, it was claimed by a certain John Maxey to belong to him, and that a jury was thereupon empanneíled, and sworn by the plaintiff to try the right of the property, and that after hearing the parties, the jury failed and refused to render any verdict; that the plaintiff thereupon refused to make sale of the property unless the defendant, Vance, would execute bond with surety, for his indemnity, and that for the purpose of causing the plaintiff to proceed with the sale of the property and for no other consideration, the bond was executed &c.
These facts, if true, (and in deciding upon the demurrer, they must he assumed to be so,) prove unquestionably that in refusing to make sale of the property until the bond was executed by the defendants, the plaintiff acted in direct violation of the duties of his office. The jury having failed to render a verdict as to the right of the property, the claimant of the property must necessarily have failed to establish his right; and the act of Assembly upon that subject imperatively commands the officer by whom property is executed, to sell the property whenever the claimant fails to establish the property to be his, % Dig. 1047.
The bond must, therefore, have been executed for the purpose of inducing the plaintiff to do that
Promises to officers to induce them to do the duties required of them by jaw are void.
Underwood, for plaintiff; Mayes, for defendants.
which by the duties of his office, was incumbent upon him to do, and as such, we apprehend is not binding upon the defendants.
Parol promises for such purpose would, in the general, certainly not be binding, and under the act of Asssembly which authorizes the consideration of sealed writings to be impeached and gone into, the bond in question cannot be sustained unless a verbal promise of like import would he binding. Whether or not the present bond would have formed an exception to the rule, which makes void promises to officers for the purpose of inducing them to perform their duty, if for selling the property, the plaintiff had been liable to the claimant of the property, is a question not necessary now to be decided, and we shall, therefore, forbear (o enter upon its discussion, for the act of Assembly, not only required the plaintiff, after the claimant failed to establish the property to be his, to make sale thereof, but it moreover explicitly declares, that for selling under such circumstances, the officer shall not be liable to any suit on account of such sale. There is, therefore, nothing in the circumstances of the case, which can take the bond out of the general principle which condemns promises of like import. The court was consequently correct in adjudging the pleas good.
The judgment must, therefore, be affirmed with cost.